UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Allen Mack, | No. 2:18-cv-02863-KJM-DB |
| Plaintiff, | FINAL PRETRIAL ORDER |
| v. | |
| City of Sacramento, et al., | |
| Defendants. | |

On June 30, 2023, the court conducted a final pretrial conference. Kevin W. Harris appeared for plaintiff Jason Allen Mack. Mitch Dean appeared for defendants, the City of Sacramento, California; the Sacramento Police Department; Officer Michael Case; and Officer Alexander Wagstaff. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1332, 1343(a)(3), and 1367. Jurisdiction and venue are not contested.

**JURY / NON-JURY**

Both parties have demanded a jury trial. The jury will consist of nine jurors.

1

**UNDISPUTED FACTS**

1. On March 18, 2017, Plaintiff Jason Allen Mack, a medically retired U.S. Army Veteran, was returning from a bar and passed out partially on the light rail tracks near the overpass at W/B 50 and 51st Street at the west edge of 51st Street north of the railroad tracks in Sacramento, California.

2. Defendants Sacramento Police Officer Michael Case (Badge No. 667) and Sacramento Police Officer Alexander Wagstaff (Badge No. 922) were dispatched to that location by the dispatcher to conduct a "welfare check" for "a male, white, 20's-30's wearing a black shirt with blue jeans laying on the sidewalk near the railroad tracks.

3. Plaintiff Jason Allen Mack is and on March 18, 2017 was a resident of the City of Sacramento, County of Sacramento, California.

4. The City of Sacramento is a public entity in the State of California.

5. Sacramento Police Department is a department of the City of Sacramento.

6. Defendant Police Officer Michael Case (Badge No. 667) is now and was at all relevant times an employee of the City of Sacramento employed as a peace officer in the Sacramento Police Department and was "acting under color of law" at the time of the incident on March 18, 2018.

7. Defendant Police Officer Alexander Wagstaff (Badge No. 922) is now and was at all relevant times an employee of the City of Sacramento employed as a peace officer in the Sacramento Police Department and was "acting under color of law" at the time of the incident on March 18, 2018.

8. On March 18, 2018, Officer Case struck Mack with an extended baton, breaking both of Mack's legs.

9. Plaintiff was charged with resisting arrest by Defendants Wagstaff and Case.

10. The District Attorney of the County of Sacramento did not file criminal charges against Plaintiff Jason Mack.

**DISPUTED FACTUAL ISSUES**

1. Whether the City of Sacramento had a policy or practice of using excessive force in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution against individuals such as Mack who are found drunk in public and/or may appear to be homeless.
2. Whether Case or Wagstaff used excessive force against Mack, and if so, whether they did so as part of an illegal policy, pattern, or practice of utilizing excessive force in violation of the Fourth, Eighth and Fourteenth Amendments of the United States against individuals such as Mack who are found drunk in public and/or may appear to be homeless.
3. Whether the City of Sacramento ratified Case's or Wagstaff's conduct.
4. What occurred and what Mack said after the officers encountered him and asked him for identification, including whether he threatened the officers, challenged them to a fight, approached them in a fighting stance, fought with them, refused to comply with their orders, or attempted to strike them.
5. Whether plaintiff urinated in public and exposed his penis in the officers' presence in violation of Sacramento City Ordinance 9.04.070.

**DISPUTED EVIDENTIARY ISSUES**

The parties have filed motions in limine, as noted below. Other disputes will be resolved as they arise at trial.

**RELIEF SOUGHT**

Plaintiff seeks compensatory and special damages, past and future wage losses, and loss of educational benefits, past and future physical pain and suffering damages, past and future emotional pain and suffering damages, costs of past and future medical care, and punitive damages. Defendants seek a verdict in their favor and an award of costs.

/////

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **seven days prior to the date of trial** in accordance with Local Rule 285.

**ABANDONED ISSUES**

As discussed below, the parties agree the federal constitutional claims will be tried under the standards of the Fourth Amendment. Other bases for the same claims are deemed abandoned.

**WITNESSES**

The plaintiff's witnesses are the following:

1. Plaintiff Jason Mack
2. Julie Martelli
3. Ed Delgado
4. Defendant Case
5. Defendant Wagstaff
6. Sacramento Fire Department Captain Mark Allen
7. Former Sacramento Police Chief Brian Louie (Retired)
8. Former Sacramento Police Sergeant Daniel Farnsworth (Retired)
9. Former Sacramento Police Captain James Beezley (Retired)
10. Sacramento Police Officer Sabrina Hernandez
11. Sacramento Police Chief David Risely
12. Former Officer Craig Speck, California Highway Patrol (Retired)
13. Debra L. Schmidt
14. Antonia G. Kramer
15. Cynthia Hubert
16. Sacramento Police Officer Colleen Barker
17. Tina G. Jennings
18. Dr. Andrea Shelley, Psy.D.

| | | |
|---|---|---|
| 1 | 19. | Dr. Jonathan Eastman, M.D. |
| 2 | 20. | Dr. Tehani Liyanage, M.D. |
| 3 | 21. | Dr. Andrew Ho, M.D. Ph.D. |
| 4 | 22. | Dr. Arnoldas S. Kungys, M.D. |
| 5 | 23. | Dr. Balasingham |
| 6 | 24. | Dr. Michael Klein, M.D. |

The defendants' witnesses are the following:

1. Defendant Michael Case
2. Defendant Alexander Wagstaff
3. Plaintiff Allen Mack
4. Sacramento Police Officer Sabrina Hernandez
5. Former Sacramento Police Captain James Beezley (Retired)
6. Sacramento Police Chief David Risely
7. Former Sacramento Police Chief Brian Louie (Retired)
8. Former Sacramento Police Sergeant Daniel Farnsworth (Retired)
9. Sacramento Police Officer Kevlen Simpson
10. Sacramento Police Officer Colleen Barker
11. Dr. Andrew Ho, M.D. Ph.D.
12. Dr. Arnoldas S. Kungys, M.D.
13. Sacramento Fire Department Captain Mark Allen
14. Dr. Paul Berg
15. Dr. Michael Klein, Jr.
16. Michael B. Gray
17. Dr. Jonathan Eastman
18. Dr. Balasingham
19. Masoud Barukzai
20. Michael Muniz

21. Donna Krch
22. Deputy Jarrod Michael Hopeck
23. Deputy Jeffrey Allen Wilson
24. Deputy Jonathan Charles Guibord

Each party may call any witnesses designated by the other.

A. The court will not permit any other witness to testify unless:

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

   (2) The court and opposing parties were promptly notified upon discovery of the witness;

   (3) If time permitted, the party proffered the witness for deposition; and

   (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are the following:

1. June 11, 2019, article in the Sacramento Bee entitled "Sacramento pays $5.2 million in lawsuit claiming cops beat, tased man into coma."

/////

|   |   |   |
|---|---|---|
| 1 | 2. | Cynthia Hubert, Sacramento Bee, June 6, 2012, article and subsequent articles in |
| 2 |   | the Sacramento Bee concerning violence by the Sacramento Police Department |
| 3 |   | Officers against homeless, vagrants and drunks through physical force. |
| 4 | 3. | Witness statement taken on 4/26/17 and 5/3/17 by Craig Speck, Private |
| 5 |   | Investigator of a Julie Martelli, 1700 51st Street, Sacramento, CA 95819 (All |
| 6 |   | witness statements by Craig Speck were provided in one document) which was |
| 7 |   | previously provided to Defendants in Plaintiff's Initial Disclosure under Rule |
| 8 |   | 26(a)(1). |
| 9 | 4. | Witness statement take on 6/6/17, at approximately 1555 hours, by Craig Speck |
| 10 |   | (Private Investigator) of ED DELGADO (50), 1732 51st St., Sacramento, CA |
| 11 |   | 95819, (916) 452-6900 which was previously provided to Defendants in Plaintiff's |
| 12 |   | Initial Disclosure under Rule 26(a)(1). |
| 13 | 5. | Witness Statements taken by Craig Speck of Sacramento Fire Captain Mark Allen; |
| 14 |   | Deborah Schmidt, UC Davis Medical Center; SF Fire Department Headquarters |
| 15 |   | which was previously provided to Defendants in Plaintiff's Initial Disclosure |
| 16 |   | under Rule 26(a)(1). |
| 17 | 6. | Kevin W. Harris letter dated April 5, 2017, requesting that UC Davis medical |
| 18 |   | center keep copies of all videos concerning March 18, 2017, concerning Plaintiff |
| 19 |   | Jason Mack's stay at UC Davis which is attached as "Exhibit 1" to the Complaint |
| 20 |   | in this case and was previously provided to Defendants in Plaintiff's Initial |
| 21 |   | Disclosure under Rule 26(a)(1). |
| 22 | 7. | A July 27, 2017, UC Davis Medical Center Risk Management letter to Kevin W. |
| 23 |   | Harris which indicated that "the videotapes you requested be preserved in your |
| 24 |   | letter dated April 5, 2017, were not retained" which is attached to the Complaint as |
| 25 |   | "Exhibit 2" and was previously provided to Defendants in Plaintiff's Initial |
| 26 |   | Disclosure under Rule 26(a)(1). |
| 27 | 8. | An April 17, 2017, Certified Mail Letter from Kevin W. Harris to Chief Brain |
| 28 |   | Louie of the City of Sacramento Police Department, which is attached as "Exhibit |

1  3" to the Complaint in this case requesting the "Preservation of Evidence regarding 3/18/17 Incident involving Jason Allen Mack and Sacramento Police Officers Alexander Wagstaff (Badge #922) and Michael Case (Badge #667)" and was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

9. Photos of the injuries which plaintiff sustained showing the medical treatment which was provided to him attached as "Exhibit 4" to the Complaint in this matter and was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

10. Plaintiff's claim against public entity filed September 15, 2017, with the Sacramento City Clerk, which is attached as 'Exhibit 5" to the Complaint in this matter and was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

11. Defendants' notice of rejection of claim to Plaintiff's counsel mailed on April 27, 2018, attached as "Exhibit 6" to the Complaint in this matter and was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1)].

12. Sacramento Regional Fire/EMS Communications 3/18/17 CD disc which was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

13. Antonia G. Kramer's Affidavit in the July 13, 2017 "Health Information Management Department-UC Davis Health Declaration of Custodian of the Legal Medical Record" concerning copies of Plaintiff Jason Mack's medical records at UC Davis which was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

14. UC Davis Health System Records of After Hospital Summary (for patient) which was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).

/////

15. Sacramento Police Department Report in GO #SA 2917-77378 which is already in the custody and control of defendants and as such will not be provided.
16. Case Information Sheet in Case No. 17MI006529 showing filed on 4/11/17 with a dismissal without a plea on 1/4/2018 which was previously provided to Defendants in Plaintiff's Initial Disclosure under Rule 26(a)(1).
17. Plaintiff's Medical Records from the Veteran's Administration.
18. Plaintiff's Medical Billing from the Veteran's Administration.
19. Photographs of Plaintiff provided by Defendants as Exhibit 3 to Defendants' Initial Disclosure.
20. SPD Use of Force Report by Police Sergeant Daniel Farnsworth provided by Defendants as Exhibit 9 to Defendants' Initial Disclosure.
21. Sacramento Fire Department Medical Record, including Prehospital Care Report Summary, Itemized Statement, SFD Fire Incident Report which was previously produced to Plaintiff in Defendants' Supplemental Disclosure.
22. Sacramento Police Department General Offense Hardcopy, with attachments, 35 pages. (Deposition Ex. 3)
23. Sacramento Police Department General Orders 580.02, 7/12/11, 3 pages. Deposition Ex. 4)
24. Craig Speck interviews of witnesses, 5 pages (Deposition Ex. 5).
25. 66 Photographs (Deposition Ex. 6)
26. Sacramento Police Department General Orders 210.04, 7/12/17, 5 pages (Deposition Ex. 7).
27. Sacramento Claim Against Public Entity Form, with attachments, 53 pages (Deposition Ex. 8).
28. Sacramento Police Department General Orders 5.80.02 Use of Force 5/16/17, 4 pages. (Deposition Ex. 9)
29. Letter to UC David Risk Management from Kevin Harris, 4/5/17, 2 pages. (Deposition Ex. 10)

| | | |
|---|---|---|
| | 30. | Letter to Kevin Harris from UC Davis Risk Management, 7/27/17, 1 page (Deposition Ex. 11) |
| | 31. | City of Sacramento Incident/Loss Report, 2 pages. (Red Border Form) (Deposition Ex. 12) |
| | 32. | Sacramento Police Department Use of Force Report, 5 pages. (Deposition Ex. 13) |
| | 33. | Sacramento Police Department General Orders 580.02, 5/20/21, 19 pages. (Deposition Ex. 14) |
| | 34. | Sacramento Fire Department Billing Record 3/18/17 incident (Deposition Ex. 18.) |
| | 35. | Sacramento Fire Department Pre-Hospital Care Report Deposition (Ex. 19.) |
| | 36. | Sacramento Fire Department Incident Report (Deposition Ex. 19.) |
| | 37. | Billing Records of the Veteran's Administration. |
| | 38. | Billing Records of UC-Davis Medical Center. |
| | 39. | All Documents reviewed by and created by Plaintiff's Expert Psychological Expert which were exhibits to her Depositions in the instant matter. |
| | 40. | Department of Veteran's Affairs Office of General Counsel Revenue Law Group VA Medical Care Recovery and Notice of Claim for Reimbursement. |
| | 41. | Department of Veteran Affairs letter of May 29, 2016, to Plaintiff Jason Allen Mack concerning his service disability. |
| | 42. | Plaintiff Jason Mack's University of Phoenix Full Schedule and Credits. |
| | 43. | Plaintiff Jason Mack's Riverside City College Transcript. |
| | 44. | Plaintiff Jason Mack's Transcript of Santa Ana College. |
| | 45. | Plaintiff Jason Mack's University of Phoenix Transcript. |
| | 46. | VRC Employment Office and Acceptance Agreement-Part Time Non-Exempt of Jason Mack dated 3/29/19. |
| | 47. | California State University Sacramento Division of Social Work Acknowledgement of Receipt of Conditional Admission of Jason Mack and Code of Ethics Form dated April 15, 2019. |

/////

48. California State University, Sacramento Division of Social Work letter of May 1, 2019, concerning to Jason Mack concerning his admission into the MSW Program.
49. Veteran Enrollment Certificate (VED) of Jason Allen Mack dated July 2, 2019.
50. Transcript of Plaintiff Jason Allen Mack at California State Sacramento.
51. Volunteers of America April 12, 2022, letter to Jason Mack.
52. Earnings Statement and Check Stub of Volunteers of America of Jason Mack.

Defendants' exhibits are the following:

A. Sacramento Police Department Report No. 2017-77378 and all related supplemental or follow-up reports.
B. CAD Call for Report No. 2017-77378.
C. ICC Video for Report No. 2017-77378.
D. Sacramento Police Department Photos (49).
E. Sacramento Police Department Radio Audio.
F. Audio of 911 call.
G. Sacramento Police Department Use of Force Report No. 2017-042.
H. Sacramento County Sheriff's Department Report 6/23/17 No. 2017-0206407 and all related supplemental or follow-up reports.
I. Sacramento County Sheriff Department Main Jail Security Video related to SSD Report No. MJD 2017-0206407.
J. DUI Arrest Investigation Report 8/8/22.
K. Stockton Police Department Incident Report 8/8/22.
L. Physical Evidence Examination Report, Forensic Alcohol Analysis.
M. Sacramento Police Department General Orders.
N. VA medical records by Dr. Ho.
O. VA medical records by Dr. Kungys.
P. VA medical records by Dr. Balasingham.
Q. UC Davis medical records regarding the incident.

| | | |
|---|---|---|
| R. | Sacramento Fire Department Dispatch Audio. | |
| S. | Sacramento Fire Department Prehospital Care Report. | |
| T. | Sacramento Fire Department Fire Incident Report. | |
| U. | Plaintiff Jason Allen Mack's Initial Disclosure. | |
| V. | Plaintiff Jason Allen Mack's Expert Witness Disclosure. | |
| W. | Dr. Klein's Medical Evaluation Report. | |
| X. | Dr. Klein's Medical Re-Evaluation Report. | |
| Y. | Michael B. Gray's Expert Witness Rule 26 Report 4/13/22. | |
| Z. | Michael B. Gray's Expert Witness Rule 26 Report 5/26/22. | |
| AA. | Dr. Berg IME Report. | |
| BB. | Government claim of Mack and attachments. | |
| CC. | Google Maps Images of incident location. | |
| DD. | Volunteers of America Letter. | |
| EE. | Placer County Inmate Information. | |
| FF. | Officer Case Training and POST Documentation pursuant to Protective order. | |
| GG. | Officer Wagstaff Training and POST Documentation pursuant to Protective order. | |

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

  A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

/////

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

Plaintiff may offer the following discovery responses for impeachment purposes, or to refresh the memory of an adverse witness, or if a witness is unavailable:

1. Defendants Rule 26 Disclosures;
2. Defendant County of Sacramento's Response to Special Interrogatories;
3. Defendant County of Sacramento's Response to Request for Production of Documents;
4. Defendant Alexander Wagstaff's Response to Special Interrogatories;
5. Defendant Alexander Wagstaff's Response to Request for Production of Documents;

13

| | | |
|---|---|---|
| 6. | | Defendant Michael Case's Response to Special Interrogatories; |
| 7. | | Defendant Michael Case's Response to Request for Production of Documents; |
| 8. | | Deposition of Jason Mack Vol. 1 and Vol. 2; |
| 9. | | Deposition of Julie Martelli; |
| 10. | | Deposition of Ed Delgado; |
| 11. | | Deposition of Craig Speck, Vol 1 and Vol 2; |
| 12. | | Deposition of Chief of Police Brian Louie (Retired) July 27, 2021; |
| 13. | | Deposition of Sergeant Daniel Farnsworth (Retired) August 9, 2021; |
| 14. | | Deposition of James Beezley, February 16, 2022; |
| 15. | | Deposition of Mark Allen, February 16, 2022; |
| 16. | | Deposition of Sabrina Hernandez, February 17, 2022; |
| 17. | | Deposition of David Risley, February 17, 2002; |
| 18. | | Deposition of Officer Michael Case, February 23, 2022; |
| 19. | | Deposition of Officer Alexander Wagstaff, February 24, 2022; |
| 20. | | Deposition of Dr. Andrea Shelley Vol. 1 (February 21, 2023) and Vol. 2. |

Defendants may offer the following discovery responses:

1. Plaintiff's Responses to Special Interrogatories propounded by Defendants;
2. Plaintiff's Responses to Requests for the Production of Documents Propounded by Defendants and document production;
3. Plaintiff's Supplemental Responses to Special Interrogatories propounded by Defendants;
4. Plaintiff's Supplemental Responses to Requests for the Production of Documents Propounded by Defendants and document production;
5. Defendants may offer the deposition testimony from Plaintiff.

**FURTHER DISCOVERY OR MOTIONS**

Only motions *in limine* are anticipated.

**AMENDMENTS AND DISMISSALS**

The parties have agreed that the Fourth Amendment is the proper claim in the instant case concerning the use of force instruction as there was no conviction of Plaintiff. The Fourth Amendment is mentioned in the complaint in the First Cause of Action as follows:

> 29. The acts of defendants, and each of them, alleged herein constituted excessive force and cruel and unusual punishment in violation of Plaintiff's rights as protected by the Fourth and Eighth Amendments of the United States Constitution.

**SETTLEMENT**

Plaintiff and Defendants have had a prior mediation with U.S. District Court Judge (ret.) Raul Ramirez, which was unsuccessful. The parties engaged in substantial discussions previously for several weeks in this matter regarding settlement which resulted in extensions of time for disclosure of experts. There was significant movement by both parties.

This matter is referred to Magistrate Judge Deborah Barnes for a Settlement Conference. **The Settlement Conference is set for December 20, 2023 at 10:00 a.m.** The Settlement Conference will be conducted by video conference through the Zoom application (which is free and must be downloaded to a computer or mobile device prior to the hearing). Counsel must have access to a computer/digital device with audio and video function available for use on the video conference. The parties are directed to submit Confidential Settlement Conference **Statements no later than 12:00 p.m. (Noon) on December 13, 2023**, to the following email address: dborders@caed.uscourts.gov. Confidential Settlement Conference Statements shall not exceed fifteen pages (excluding exhibits). Confidential Settlement Conference Statements shall not be filed with the Clerk. Additionally, each party shall file a "Notice of Submission of Confidential Settlement Conference Statement." (Rule 270(d)). All parties are required to have principals present at the Settlement Conference. IT IS FURTHER ORDERED that an **Informal Telephonic Conference is set for December 18, 2023 at 10:00 a.m.** before Magistrate Judge Deborah Barnes. To access the conference call, the parties are instructed to call the following toll-free number from a land line: (877) 336-1828 and enter access code: 1864917#. The lead

/////

attorney appearing at the settlement conference shall make the telephonic appearance at the Informal Telephonic Conference.

**MOTIONS *IN LIMINE***

The parties have filed the following motions in limine:

1. Plaintiff Motion in Limine No. One to Exclude Testimony Concerning Convictions for Acts Not Concerning the Incident and the Introduction of Any of Those Other Arrests, Convictions, and Witnesses in This Matter and Points and Authorities (ECF No. 47).
2. Plaintiff's Motion in Limine No. Two to Exclude Testimony by Defendants' Use of Force Expert Concerning Ultimate Issues of Fact for the Jury (ECF No. 48).
3. Defendants' Motion in Limine to Exclude Expert Opinion Testimony by Craig Speck (ECF No. 49).
4. Defendants' Motion in Limine to Exclude Trial Testimony of Julie Martelli (ECF No. 50).
5. Defendants' Motion in Limine to Bifurcate Monell Issues Pending Jury Finding of Underlying Constitutional Violation (ECF No. 51).

No other motions in limine may be filed without the court's permission, which will not be granted absent a showing of good cause. Oppositions to motions in limine shall be filed within **twenty-eight days**. Replies, if any, shall be filed within **fourteen days after service of an opposition brief**.

At the final pretrial conference, plaintiff requested the court resolve defendants' second motion in limine before the first day of trial. The parties are **directed to meet and confer and propose a date for hearing arguments** on that motion. The parties can find Judge Mueller's available hearing dates on the court's website. Absent any further order of this court, however, all motions in limine will be heard on the first day of trial.

/////

**JOINT STATEMENT OF THE CASE**

The parties are directed to meet and confer and propose a brief joint statement of the case to be read to the pool of potential jurors at the outset of voir dire. The proposed joint statement shall be filed no later than **seven days before the first day of trial**.

**STIPULATIONS**

The parties agree to the exclusion of witnesses except the parties, which shall include one representative from the defendant who will be designated on the first day of trial.

**SEPARATE TRIAL OF ISSUES**

The parties may request a separate or bifurcated trial in a pretrial motion in limine.

**ATTORNEYS' FEES**

Plaintiff seeks attorney fees pursuant to 42 USC §42 USC 1988. Plaintiff will utilize the procedure for seeking attorney fees pursuant to Eastern District of California Local Rule 293 (Fed. R. Civ. P. 54).

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **February 26, 2024 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last **ten days**. The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**TRIAL PROTECTIVE ORDERS**

Any motions for trial protective orders shall be filed no later than **twenty-eight days before the first day of trial**. Any oppositions are due **fourteen days before the first day of trial**. Any replies are due **seven days before the first day of trial**.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire **seven days before trial**. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **fourteen days before trial**, identified as "Jury Instructions and Verdicts Without Objection." To the extent the

parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov **no later than fourteen days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS TO THIS ORDER AND CONCLUSION**

Each party is granted **fourteen days from the filed date of this order** to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED: July 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE